**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUKE ATWELL, | Civil Action No. 17-0507 (FLW)(LHG) |
| Plaintiff, | **OPINION** |
| v. | |
| OFFICE OF THE PUBLIC DEFENDER, VERNON ESTREICHER, and STATE OF NEW JERSEY, | |
| Defendants. | |

**WOLFSON, United States District Judge**:

Before the Court is the motion of Defendants Office of the Public Defender ("OPD"), Vernon Estreicher ("Defendant Estreicher"), and the State of New Jersey ("State") to dismiss the Complaint of Plaintiff Luke Atwell, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff having failed to oppose the motion, and for the reasons set forth below, Defendants' motion is granted, and the Complaint in this matter is dismissed with prejudice.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On an unspecified date in 2007, Plaintiff was indicted in Middlesex County Superior Court on eleven counts, including burglary, theft, receiving stolen property, and eight drug-related offenses (possession of cocaine and ecstasy; possession with intent to distribute marijuana, cocaine, and ecstasy; and possession with intent to distribute marijuana, cocaine, and ecstasy on or near school property). *See* Complaint ("Compl.") ¶ 8. Plaintiff was represented concerning these charges by Defendant Estreicher. Sometime later in 2007, while represented by Defendant Estreicher, Plaintiff pleaded guilty to three counts, including burglary, possession

1

with intent to distribute cocaine on or near school property, and possession with intent to distribute ecstasy on or near school property. *Id*. ¶¶ 9, 17. On June 14, 2007, Plaintiff was sentenced to a five-year term of imprisonment on the two "school property offenses," and on April 28, 2010, Plaintiff "maxed out" his sentence and was released. *Id*. ¶¶ 10-11.

Following his release, Plaintiff filed a petition for post-conviction relief. On May 20, 2013, the New Jersey Superior Court granted Plaintiff's petition, vacated his June 14, 2007 convictions, and dismissed all counts in the 2007 indictment charging him with possession with intent to distribute drugs on or near school property because "it was determined that the alleged offenses occurred outside the school zone map." Compl. ¶ 13. Although it is unclear from the Complaint, the State apparently continued to prosecute Plaintiff on at least some of the charges remaining in the 2007 indictment after the Superior Court's May 20, 2013 order. *Id*. ¶ 14. In connection with those surviving charges, on November 21, 2013, Plaintiff appeared before the Honorable Alberto Rivas, J.S.C., for a suppression hearing at which Judge Rivas granted Plaintiff's motion to suppress evidence that was discovered during a warrantless search of Plaintiff's safe, including "a large bag of cocaine and 22 ecstasy pills." *Id*. ¶ 14. On June 2, 2014, the Superior Court dismissed all remaining charges against Plaintiff in the 2007 indictment, except for count 5 (possession of cocaine), pursuant to a negotiated plea agreement. *See* ECF No. 8-2, Judgment of Conviction dated June 2, 2014.

On January 25, 2017, Plaintiff filed a four-count Complaint in the United States District Court for the District of New Jersey against Defendants State, OPD, and Estreicher, both individually and in his official capacity. *See* Compl. ¶¶ 4-7. Plaintiff alleges that, in representing Plaintiff in 2007, Defendant Estreicher did not "take the time to check the school zone map to determine [that] the alleged offenses were not within the school zone," and never moved to

suppress the evidence found during the warrantless search of Plaintiff's safe before advising Plaintiff to plead guilty, resulting in additional time served by the Plaintiff, as evidenced by the relief awarded Plaintiff during his post-conviction proceedings. *See id*. ¶¶ 15, 20. In Count I, Plaintiff brings a claim against Defendant Estreicher for legal malpractice. *See id*. ¶¶ 16-21. In Count II, Plaintiff brings a claim against Defendant Estreicher for gross negligence. *See id*. ¶¶ 22-27. In Count III Plaintiff brings a claim against Defendants State and OPD for negligent hiring, negligent supervision, and vicarious liability for violations of Defendant's "Federal Civil Rights." *See id*. ¶¶ 28-36. In Count IV, Plaintiff brings a claim against all Defendants for false imprisonment under 42 U.S.C. § 1983[1] and the NJCRA, N.J. Stat. Ann. § 10:6-2. *See id*. ¶¶ 37-40. For the purposes of the present motion, the Court also construes Plaintiff's Count III, unspecified "Federal Civil Rights" claim as brought under § 1983 and the NJCRA.

On May 17, 2017, Defendants moved to dismiss the Complaint. In their motion Defendants argue (i) that Counts III and IV, brought against Defendants State and OPD under § 1983 and the NJCRA should be dismissed with prejudice as barred by sovereign immunity; (ii) Counts III and IV, as brought against Defendants State and OPD, should be dismissed with prejudice because Defendants State and OPD are not persons subject to suit under § 1983 or the NJCRA; (iii) Count IV, brought against Defendant Estreicher under § 1983 and the NJCRA, should be dismissed with prejudice because, as a public defender, Defendant Estreicher did not act under color of state law in representing Plaintiff; and (iv) Counts I, II, and IV, as raised against Defendant Estreicher, are barred by the applicable two-year statute of limitations.

---

[1] The Complaint erroneously refers to § 1983 as § 1993, but it is clear from the context that Plaintiff intended to bring a federal civil rights claim.

Defendants' Motion to Dismiss was set for June 19, 2017. Plaintiff failed to oppose or otherwise respond to the motion. On August 22, 2017, Plaintiff's counsel submitted a letter to the Court explaining that clerical errors and difficulties in communicating with Plaintiff prevented timely submission of an opposition, and requesting an extension of time in which to file such opposition. The Court granted the request of Plaintiff's counsel and set the deadline for the filing an opposition on September 29, 2017. As of mid-October, Plaintiff had again failed to oppose the motion. The Court contacted Plaintiff's Counsel, who represented that Plaintiff would not oppose, but did not consent to the motion. At the Court's request Plaintiff's Counsel represented that he would submit a letter setting forth that position on or before October 23, 2017. As of the date of this Opinion, Plaintiff has not filed an opposition or otherwise communicated with the Court.

II. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher,* 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149–50 n. 3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claim.'" *Bell Atlantic v. Twombly,* 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (internal citations omitted); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

Following the *Twombly/Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief. *Id.* However, this standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly,* 127 S. Ct. at 1965); *see also Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. . . . The pleading standard is not akin to a probability requirement, . . . to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)). Nonetheless, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429–30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v.*

*Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)). Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999).

III. ANALYSIS

    A. Unopposed Motion

As a threshold matter, the Court observes that "if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis." *Hollister v. U.S. Postal Serv.,* 142 F. App'x. 576, 577 (3d Cir. 2005) (citing *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1992)). As the Plaintiff in this case is represented by counsel, and, indeed, Plaintiff's counsel has been afforded additional time in which to file an opposition brief, has nevertheless failed to file an opposition brief, and has orally represented to the Court that no opposition will be filed, the Court may treat Defendants' motion as unopposed and grant it summarily. Defendants' motion is therefore granted as unopposed and Plaintiff's Complaint is dismissed with prejudice. In the alternative, the Court also grants Defendants' motion on the merits.

    B. Claims against Defendants State and OPD: Counts III & IV

    1. Sovereign Immunity

States are generally immune from suit by private parties in federal court under the Eleventh Amendment. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996). This immunity extends to state agencies and departments. *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981). The Office of the Public Defender is a state agency. *Smart v. Admin. Office the Courts*, 2016 U.S. Dist. LEXIS 18893, at *20, 21 (D.N.J. Feb. 17, 2016) (holding that the office

6

of the public defender is an arm of the state entitled to Eleventh Amendment immunity because it is an "agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants."), *aff'd*, 2017 U.S. App. LEXIS 88 (3d Cir. Jan. 4, 2017); *Peterson v. Rinkus,* No. 10–5316, 2011 U.S. Dist. LEXIS 57992 *6, 2011 WL 2148312 (D.N.J. May 31, 2011) ("The Office of the Public Defender is an agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants.").

There are only three exceptions to Eleventh Amendment immunity: "(1) abrogation by an Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State–Operated Sch. Dist.,* 344 F.3d 335, 345 (3d Cir. 2003). No exceptions apply in the case at bar with respect to Defendants State and OPD. Eleventh Amendment immunity has not been abrogated by Congress with respect to § 1983 suits against the States. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States."). Moreover, it is well-established that "[t]he State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008). Accordingly, Defendants State and OPD are immune from suit under § 1983 and the NJCRA[2] in Counts III and IV, and those Counts are dismissed, with prejudice.

---

[2] "The NJCRA was modeled after 42 U.S.C. § 1983 and [c]ourts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983. Courts in this district have [therefore] previously recognized that the New Jersey Civil Rights Act is interpreted

7

2. Persons Subject to Suit

Alternatively, dismissal, with prejudice, of all claims raised against Defendants State and OPD is appropriate because neither are "persons" susceptible to suit under § 1983 or the NJCRA. "States," "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," and "officials acting in their official capacities" are not considered "persons" amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Further, "New Jersey district courts have interpreted the NJCRA as having incorporated the Supreme Court's decision in *Will* that, for purposes of § 1983, states and state officials acting in their official capacity are not amenable to suit." *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014). Accordingly, Defendants State and OPD are not persons subject to suit under § 1983 and the NJCRA. *See Mierzwa*, 282 F. App'x at 976 ("New Jersey is not recognized as a 'person' under § 1983."); *Smart v. Admin. Office the Courts*, 2016 U.S. Dist. LEXIS 18893, at *21 (holding that the Office of the Public Defender is not a "person" subject to suit under § 1983).

C. Claims against Defendant Estreicher: Counts I, II, & IV

1. Acting Under Color of State Law – Count IV

"'[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Gause v. Haile*, 559 F. App'x 196, 198 (3d Cir. 2014) (quoting *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). Accordingly, because any claim raised by Plaintiff against Defendant Estreicher under § 1983 and the NJCRA is premised exclusively upon Defendant Estreicher's conduct, particularly his

---

analogously to 42 U.S.C. § 1983." *Coles v. Carlini*, 162 F. Supp. 3d 380, 404 (D.N.J. 2015) (quotations omitted).

8

legal errors and omissions, in representing Plaintiff as the defendant in a criminal proceeding, such claims fail because Defendant Estreicher was not acting under color of state law in representing Plaintiff. Plaintiff's Count IV claim for false imprisonment under § 1983 and the NJCRA is therefore dismissed with prejudice.

2. Statute of Limitations

a. Counts I & II[3]

New Jersey law imposes a two-year statute of limitations for legal malpractice claims against public attorneys. N.J. Stat. Ann. § 59:8-8; *Stoeckel v. Township of Knowlton*, 902 A.2d 930, 943 (N.J. Super. Ct. App. Div. 2006) ("All . . . causes of action against publicly employed attorneys which accrued on or after July 1, 1994, [except causes of action for tortious intentional conduct by a publicly employed attorney which accrued prior to June 29, 2004,] are subject to the two-year statute of limitations."). A legal malpractice claim accrues upon a criminal defendant's exoneration, which "might be vacation of a guilty plea and dismissal of the charges, entry of judgment on a lesser offense after spending substantial time in custody following conviction for a greater offense or any disposition more beneficial to the criminal defendant than the original judgment." *McKnight v. Office of the Pub. Defender*, 962 A.2d 482, 483 (N.J. 2008). A determination of actual innocence is not required; rather, only a demonstration that the Defendant is "able to show some injury caused by the alleged malpractice whether that relief is

---

[3] As a threshold matter, the Court interprets Plaintiff's Count II claim for "gross negligence" as coextensive with his Count I claim for legal malpractice. The Complaint does not provide an independent statutory basis for Count II, and the factual allegations upon which it relies, namely Defendant Estreicher's alleged errors in failing to inspect the school zone map or to move to suppress the safe evidence prior to advising Plaintiff to accept a plea bargain, are identical to the instances of legal malpractice alleged in Count I.

9

dismissal of the charges, acquittal on retrial, conviction of a lesser included offense or otherwise." *Id.*

Here, the earliest date at which the limitations period for Plaintiff's Count I and II legal malpractice claim could have begun to run was May 20, 2013, when the New Jersey Superior Court granted Plaintiff's application for post-conviction relief and dismissed all counts in the 2007 indictment charging him with possession with intent to distribute drugs on or near school property. The latest date at which the limitations period could have begun to run was June 2, 2014, when all the remaining charges in the 2007 indictment, except count 5 – possession of cocaine, were dismissed pursuant to a negotiated plea agreement.[4] Plaintiff did not file his Complaint in this action until January 25, 2017, approximately two years and seven months after the latest date on which Plaintiff's claim could have accrued and the limitations period begun to run. Plaintiff's legal malpractice claims against Defendant Estreicher — Counts I and II of the Complaint — are therefore dismissed with prejudice as time-barred.

b. Count IV

Although the Court determined, *supra*, that Plaintiff has failed to state a claim against Defendant Estreicher in Count IV, the applicable statute of limitations provides an alternative, sufficient basis for dismissal. A false imprisonment claim accrues when "a person is detained without legal process (the claims end once that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges)." *LeBlanc v. Snavely*, 453 Fed. Appx. 140, 142 (3d Cir. 2011). Here, the Complaint does not specify the date on which Plaintiff was arraigned or otherwise first appeared before a magistrate and was extended legal

---

[4] It appears that were Plaintiff to have opposed the motion, Plaintiff would have argued for the later date. *See* ECF No. 8-3, Plaintiff's Notice of Claim (listing June 2, 2014, as the date of occurrence which gave rise to his claim in his Notice of Claim against the State).

process rights. The Complaint does allege, however, that Plaintiff was sentenced before a judge on June 14, 2007. Taking the date of Plaintiff's sentencing as the latest point at which he could have been held by Defendants without legal process, Plaintiff's January 25, 2017 Complaint was filed nine and a half years after his claim accrued. Plaintiff's Count III false imprisonment claim as raised against Defendant Estreicher is therefore also dismissed with prejudice as time-barred.

IV. CONCLUSION

For the foregoing reasons, the Court dismisses the Complaint in this action with prejudice. An appropriate Order to follow.


Dated:     12/19/2017                        /s/ Freda L. Wolfson
                                                                 The Honorable Freda L. Wolfson
                                                                   United States District Judge